**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | | |
|---|---|---|
| **THERESA E. MCCLURE** | § | **CIVIL ACTION NO:** |
| | § | |
| *Plaintiff* | § | |
| **v.** | § | |
| | § | |
| **THOR MOTOR COACH, INC. AND** | § | |
| **PAN PACIFIC RV CENTERS, INC.** | § | |
| | § | |
| *Defendants* | § | **JURY TRIAL REQUESTED** |

**COMPLAINT**

### I.    Parties

1.    Plaintiff, THERESA E. MCCLURE,  is an individual that now and has been at all times a citizen of the state of California.

2.    Defendant, THOR MOTOR COACH, INC., hereinafter "TMC,"is an Indiana corporation authorized to do and doing business in the state of California with its principal place of business located in the state of Indiana and is a citizen of the state of Indiana and is a warrantor of the recreational vehicle that Plaintiff purchased and is a merchant in goods of the kind  involved in this case.

TMC's agent for service of process is C T Corporation System, 334 North Senate Avenue, Indianapolis, Indiana 46204.

3.    Defendant, PAN PACIFIC RV CENTERS, INC., hereinafter "PAN PACIFIC RV CENTERS,"is a California corporation and citizen of the state of California with its principal place of business located in the state of California and is the seller of the recreational vehicle that Plaintiff purchased and is a merchant in goods of the kind  involved in this case.

-1-

PAN PACIFIC RV CENTERS' agent for service of process is Dorothy Luther 2351 W March Ln, Suite A, Stockton, CA 95207.

## II.    Jurisdiction

4.    This Court has federal question jurisdiction over the lawsuit under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d); and 28 USC § 1331 in that the disputes involve predominant issues of federal law.

This court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

## III.    Venue

5.    Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendants is subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

## IV.    Conditions Precedent

6.    All conditions precedents have been performed or have occurred.

## V.    Facts

### A.    The Transaction

7.    On January 7, 2023, Plaintiff purchased a new 2023 THOR ACE 29D bearing VIN:

1F65F5DNXN0A12254, hereinafter "ACE 29D," from PAN PACIFIC RV CENTERS.

The ACE 29D was purchased primarily for Plaintiff' personal use.  The purchase price was $131,627.00.  Civil or Punitive penalties for breach of warranty are recoverable under the Warranty Act, if they are recoverable for breach of warranty under the applicable state law.   See *Hughes v. Segal Enterprises, Inc.***, 627 F. Supp. 1231, 1238 (W.D. Ark. 1986); *Chariton Vet Supply, Inc. v. Moberly Motors Co.***, 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).**

### B.    Implied Warranties

8.    As a result of the sale of the ACE 29D by Defendants to Plaintiff, an implied warranty of merchantability arose in the transaction which included the guarantee that the  ACE 29D would pass without objection in the trade under the contract description; and that the ACE 29D was fit for the ordinary purpose for which such ACE 29D are purchased.

9.    Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendants.  Specifically, the Defendants impliedly warranted that the repair work had been performed in a good and workmanlike manner.

### C.    Express Warranties

10.    In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the ACE 29D occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the ACE 29D had, in fact, repaired the defects.

11.    Plaintiff' purchase of the ACE 29D was  accompanied by express warranties offered by the Defendants, ACE 29D, and extending to Plaintiff.  These warranties were part of the basis of

the bargain of Plaintiff's contract for purchase of the ACE 29D.

12.    The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the ACE 29D's warranty booklet and owners manual.

### D.    Actionable Conduct

13.    In fact, when delivered, the ACE 29D was defective in materials and workmanship, with such defects being discovered within the warranty periods. Many defective conditions have occurred since purchase, including, but not limited to, the following statement in the Plaintiff' own words:

**1.    DASH CENTER SCREEN DEFECTS, NON-CONFORMITIES AND CONDITIONS;**

**2.    WATER LEAKS DEFECTS, NON-CONFORMITIES, AND CONDITIONS;**

**3.    FRONT CAP HOOD DEFECTS, NON-CONFORMITIES, AND CONDITIONS;**

**4.    FRONT SEAT SQUEAKS WHILE DRIVING DEFECTS, NON-CONFORMITIES, AND CONDITIONS;**

**5.    OUTSIDE KITCHEN SINK DRAIN BLOCKED;**

**6.    OUTSIDE KITCHEN SINK NOT SCREWED DOWN ON BRACE;**

**7.    LEVELING LEG CONTROL PANEL FAILURE;**

**8.    FRESH WATER SENSOR DEFECTS, NON-CONFORMITIES, AND CONDITIONS;**

**9.    DROP DOWN BED DROPS WHEN DRIVING DEFECTS, NON-CONFORMITIES, AND CONDITIONS;**

**10.    ANY AND ALL DEFECTS, NON-CONFORMITIES AND CONDITIONS LISTED ON ANY REPAIR ORDER.**

**11.    TOTAL OUT-OF-SERVICE DAYS - OVER 180."**

14.    Since purchase, Plaintiff has returned their ACE 29D to the Defendants and its authorized warranty service dealers for repairs on numerous occasions.  Despite this prolonged period during which Defendants were given the opportunity to repair the ACE 29D the more significant and dangerous conditions were not repaired.  Defendants failed to repair the ACE 29D so as to bring it into conformity with the warranties set forth herein.  From the date of its purchase, the ACE 29D continues to this day to exhibit some or all of the non-conformities described herein.

15.    The defects experienced by Plaintiff with the ACE 29D substantially impaired its use, value and safety.

16.    Plaintiff directly notified the Defendants of the defective conditions of the ACE 29D. Plaintiff notified the Defendants that they wanted a rescission of the sale of ACE 29D but the Defendants has failed and refused to buy back Plaintiff' defective ACE 29D.

**VI.    Causes of Action**

**COUNT 1:  VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT, CIVIL CODE SECTION 1790 ET SEQ.**

17.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

18.    The ACE 29D is a consumer good as defined under the Song-Beverly Consumer Warranty Act.

19.     Plaintiff is"purchasers" of consumer goods as defined under the Song-Beverly Consumer Warranty Act.

20.     The Defendant, THOR, is a "manufacturer" and "distributor" as defined under the Song-Beverly Consumer Warranty Act.

21.     The sale of the ACE 29D to Plaintiff was accompanied by an express written warranty.

22.     The serious non-conformities have manifested themselves within the applicable express warranty period. The non-conformities substantially impair the use, value and or safety of the ACE 29D and or can cause serious bodily injury or death.

23     Plaintiff has tendered their ACE 29D to the Defendants for repairs on numerous occasions in attempts to have the existing express warranties satisfied.

24.     The Defendants has not repaired the non-conformities after a reasonable number of attempts and, as such, have failed to comply with and have breached all applicable warranty requirements.

25.     Further, the sale of the ACE 29D to Plaintiff was accompanied by implied warranties that the ACE 29D was merchantable and fit for a particular use.

26.     Defendants has breached the implied warranties of merchantability and fitness for a particular use because the ACE 29D when sold would not pass without objection in the trade.

27.     Despite its breach of the express and implied warranties, the Defendants has refused Plaintiff' demand for a refund or replacement.

28.     By failure of the Defendants to remedy the defects as alleged above, or to issue a refund or replacement, the Defendants is in breach of their obligations under the Song-Beverly

Consumer Warranty Act.

29.     The Defendants' continuing breach of its obligations as set forth herein is willful pursuant to the Song-Beverly Consumer Warranty Act and as such, the Defendants is liable to Plaintiff for civil penalties in an amount as set forth below.

30.     Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails.  As a proximate result of the Defendants' misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton.  Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 2:     VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

31.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

32.     Plaintiff is "consumers" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

33.     Defendants are "suppliers" and "warrantors" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

34.     The ACE 29D is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiff in fact purchased it wholly or primarily for personal use.

35.     The express warranties more fully described hereinabove pertaining to the ACE 29D is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

36.     The actions of Defendants in failing to tender the ACE 29D to Plaintiff free of defects and refusing to repair or replace the ACE 29D tendered to Plaintiff constitute a breach of the written and implied warranties covering the ACE 29D and hence a violation of the Magnuson-Moss Warranty Act.

37.     Plaintiff has performed all things agreed to and required of them under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendants as herein alleged.

38.     As a direct and proximate result of the acts and omissions of Defendantss and each of them as set forth hereinabove, Plaintiff has been damaged hereinabove in an amount in excess of $500,000.00 according to proof at trial.

39.     Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.  As a proximate result of the misconduct of Defendantss as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton.  Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 3:     BREACH OF EXPRESS WARRANTIES**

40.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs those similarly situated were free from inherent risk of failure or latent defects.

41.     In addition, the Defendants issued an expressed written warranty which covered ACE

-8-

29D, and warranted that the ACE 29D, was free of defects in materials and work quality at the time of delivery.

42.     The Defendants' advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that Plaintiff's ACE 29D was free of defects in materials and work quality at the time of delivery.

43.     As alleged above, the Defendants breached its warranties by offering for sale, and selling as safe to Plaintiff a ACE 29D that was latently defective, unsafe, and likely to cause economic loss to Plaintiff.

44.     In breach of the foregoing warranties, the Defendants has failed to correct said defects.

45.     The damages Plaintiff has suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the ACE 29D; costs of repairs; expenses associated with returning the ACE 29D for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

**COUNT 4:    BREACH OF IMPLIED WARRANTIES**

46.     Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs.

47.     The Defendants impliedly warranted that Plaintiff' ACE 29D which it designed, manufactured, and sold, were merchantable and fit and safe for their ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

48.     Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendants is unreasonable and unconscionable and void under the

-9-

principles of estoppel, because Defendants knew the defects existed and might not be discovered, if at all, until the ACE 29D had been driven for a period longer than the period of the written warranty, and Defendants willfully withheld information about the defects from Plaintiff.

49.    Because of the defects, Plaintiff's ACE 29D is unsafe and unfit for use and has caused economic loss to the Plaintiff.  Therefore, the Defendants breached the implied warranty of merchantability.

50.    The damages Plaintiff has suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the ACE 29D; costs of repairs; expenses associated with returning the ACE 29D for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

## VII.    Economic and Actual Damages

51.    Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described herein above:

a..    Out of pocket expenses, including but not limited to the money paid towards the note securing the ACE 29D;

b.    Loss of use;

c.    Loss of the "benefit of the bargain";

d.    Diminished or reduced market value; and

e.    Costs of repairs.

## VIII.    Attorney Fees and Costs

52.    Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.  As a proximate result of the misconduct

-10-

of Defendants as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

## IX.   Prayer

53.    For these reasons, Plaintiff prays for judgment against the Defendants for the following:

a.     For general, special and actual damages according to proof at trial;

b.     Rescinding the sale of the 2023 THOR ACE 29D bearing VIN: 1F65F5DNXN0A12254 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

c.     For incidental and consequential damages according to proof at trial;

d.     Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges.

e.     Any diminution in value of the ACE 29D attributable to the defects;

f.     Past and future economic losses;

g.     Prejudgment and post-judgment interest;

h.     Damages for loss of use of ACE 29D;

i.     Civil Penalties and/or Punitive damages;

j.     Damages for mental anguish;

k.     Attorney fees;

l.     Costs of suit, expert fees and litigation expenses; and

m     All other relief this Honorable Court deems appropriate.

1

**X.    Demand for Jury Trial**

2

54.    Plaintiff hereby demand a trial by jury to the extent authorized by law.

3

4

RESPECTFULLY SUBMITTED:

5

BY: /s/ *Richard C. Dalton*

6

Richard C. Dalton
Texas Bar No. 24033539

7

Louisiana Bar No. 23017

8

California Bar No. 268598
P.O. Box 358

9

Carencro, Louisiana 70520
rick@rickdalton.law

10

Tel. (337) 371-0375

11

12

ATTORNEY FOR PLAINTIFF

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-